STATE OF ARIZONA et al.,
Petitioners,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

BROADWAY–HALE STORES, INC.,
et al., Petitioners,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

PROPER ENVIRONMENTAL PLAN-
NING, INC., Petitioner,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

SEARS, ROEBUCK AND
COMPANY, Petitioner,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

SAFEWAY STORES, INC., Petitioner,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

HOMART DEVELOPMENT
CO., Petitioner,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

Nos. 73–3577, 73–3588, 74–1001, 74–1002,
74–1009 and 74–1013.

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1975.

---

Patrick Murphy, Asst. Atty. Gen. of Ariz. (argued), Phoenix, Ariz., for petitioner in No. 73–3577.

Henry C. Thumann (argued), Los Angeles, Cal., for petitioner in No. 73–3588.

Richard K. Mallery, Phoenix, Ariz., for petitioner in No. 74–1001.

Vincent W. Jones, Alhambra, Cal., for petitioner in No. 74–1002.

Henry C. Thumann, Los Angeles, Cal., for petitioner in No. 74–1009.

Alex D. Fred, Los Angeles, Cal., for petitioner in No. 74–1013.

Michael Graves, Atty. (argued), App. Section, Land & Nat. Resources Div., Dept. of Justice, Washington, D. C., for respondent in Nos. 73–3577, 73–3588.

Edmund B. Clark, Chief, App. Section, Land & Nat. Resources Div., Dept. of Justice, Washington, D. C., Russell E. Train & J. Bonine, Environmental Protection Agency, Washington, D. C., Cassandra Dunn, Regional Counsel, Environmental Protection Agency, San Francisco, Cal., for respondent in Nos. 74–1001, 74–1002, 74–1009 and 74–1013.

## OPINION

Before ELY, TRASK and SNEED, Circuit Judges.

SNEED, Circuit Judge:

■ The Environmental Protection Agency has indefinitely suspended those portions of the Maintenance of National Standards regulation, 40 C.F.R. § 52.22 (1974), which cover parking-related facilities, and the Management of Parking Supply regulation, 40 C.F.R. § 52.139 (1974), in its entirety. 40 Fed.Reg. 28064, 29713 (1975). Further, the EPA indicated in oral argument of *Brown v. Environmental Protection Agency*, 521 F.2d 827 (9th Cir. 1975), that the latter suspension was equivalent to a revocation of the regulation. Therefore, for purposes of filing a new petition for review, lifting the suspension or amending the regulation would be the same as a promulgation of the regulation anew. A statement to similar effect is incorporated by reference in the Supplemental Submission filed by EPA in these cases on July 21, 1975. Under such circumstances, new petitions for review may be filed within 30 days of such promulgation, pursuant to section 307 of the Clean Air Act, 42 U.S.C.A. § 1857h–5 (West. Supp.1975).

■ In view of these developments, the Court finds that so much of the petitioners' dispute with the EPA as pertained to the Management of Parking Supply regulation, *supra,* or those portions of the Maintenance of National Standards regulation, *supra,* which cover parking-related facilities, is moot, and that any future dispute is not before us. *Thorpe v. Housing Authority,* 393 U.S. 268, 281–84, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 239–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Vulcanized Rubber & Plastics Co. v. Federal Trade Comm'n,* 103 U.S.App.D.C. 384, 258 F.2d 684 (1958). Accordingly, so much of the petitions of the parties listed above as is concerned with the regulations herein referenced is dismissed without prejudice to the petitioners should the Administrator lift his suspension of 40 C.F.R. § 52.22 or § 52.139 (1974) or promulgate new regulations pertaining to the same general subject matter.

■ The petition of the State of Arizona also raises issues we dealt with in *Brown v. Environmental Protection Agency, supra.* We dispose of that portion of the petition as is directed to these issues in the same manner as was done in that case. That is, we hold that the Clean Air Act does not authorize the imposition of sanctions against the State of Arizona or its officials for failure to comply with the directives set forth in 40 C.F.R. §§ 52.22, 52.129, 52.132, 52.133, 52.137, 52.138 and 52.140 (1974). The basis for our decision is the same in all respects as in *Brown v. Environmental Protection Agency, supra.* Therefore, there exists no reason to repeat it here.

In view of these actions, each of the above-listed parties is directed to inform this Court not later than 21 days following the date of this decision which, if any, of the other issues set forth in their petitions for review they continue to desire this Court to review. Pursuant to Rule 54(b), Fed.R.Civ.P., to the extent that there remain unresolved claims presented by the petitioners, the disposition of the issues set forth herein shall be treated as a final judgment with respect to fewer than all the claims

presented by the petitioners and we expressly determine that there is no just reason for delay in entering such final judgment with respect to the claims of which this opinion disposes.

Granted in part and dismissed without prejudice in part.